RAYNARD T. HALE

V.

WASHINGTON COUNTY SCHOOL BOARD, ET AL.

Record No. 900490

January 11, 1991

Present: All the Justices

Randall B. Campbell (Randall A. Eads, on brief), for appellant.

James P. Jones (Penn, Stuart, Eskridge & Jones, on brief), for appellees.

JUSTICE RUSSELL delivered the opinion of the court.

This appeal involves an interpretation of The Virginia Freedom of Information Act, Code § 2.1-340, *et seq.* (the Act). The specific question is whether an administrative request for minutes or other records is a condition precedent to judicial remedies under the Act.

On March 15, 1988, Raynard T. Hale, then the Superintendent of Schools of Washington County (the Superintendent),[1] attended a meeting of the Washington County School Board (the Board). During the meeting a motion was made, seconded, unanimously carried, and recorded in the minutes as follows:

"A motion was made that the Board only go into executive session pursuant to the appropriate Code section."

The Superintendent and other members of the public were excluded from the closed session which followed.

On March 22, 1988, the Superintendent brought this proceeding in the trial court as an "Application for Writ of Mandamus and Injunction" against the Board and its individual members.[2] The pleading alleged that the Board's motion and subsequent proceedings violated the Act, that the violation was part of a pattern (copies of minutes were attached purporting to show 18 other violations by the Board at prior meetings), that the Board voted on matters related to his continued employment at its unlawful executive session on March 15, 1988, and that the Board's violation was willful and knowing. The pleading asserted that no minutes had been kept at the closed session.

Contending that his rights and privileges under the Act had been denied, the Superintendent asked for a writ of mandamus to compel the Board to "provide written minutes relating to the matters discussed in the purported closed session of March 15, 1988." He also asked for injunctive relief against further violations and against "any action in reprisal or retribution" against him, together with costs, attorneys fees, and civil penalties as provided by the Act.

The defendants demurred, contending, among other things, that the Superintendent lacked standing to enforce the provisions of the Act because he failed to allege that he had "requested and been denied any such rights or privileges afforded by said Act." The court, in a written opinion, held that the Act implicitly requires that a citizen first make a request of the public body for records of proceedings held in a closed session, and suffer a denial

---

[1] Mr. Hale retired shortly after filing this proceeding.

[2] The board members named as defendants were Robert Austin Vinyard, Billy W. Brooks, Emma M. Horton, James C. Atwell, C. W. Davidson, Richard T. Farnsworth, and G. Michael Rush.

of that request, as a condition precedent to judicial enforcement of the Act against the public body. Noting that the Superintendent's pleading had alleged that no minutes of the March 15 closed session had been kept, the court nevertheless took the view that the Superintendent's failure to allege an administrative request for and denial of such minutes was fatal. The court sustained the demurrer for that reason, and dismissed the proceeding.[3]

## MINUTES

 Code § 2.1-340.1 provides, in pertinent part:

This chapter shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exception or exemption from applicability shall be narrowly construed in order that no thing which should be public may be hidden from any person.

Code § 2.1-342 provides:

Except as otherwise specifically provided by law, all official records shall be open to inspection and copying by any citizens of this Commonwealth during the regular office hours of the custodian of such records. Access to such records shall not be denied to citizens of this Commonwealth . . . . Any public body covered under the provisions of this chapter shall make an initial response to citizens requesting records open to inspection within five work days after the receipt of the request by the public body which is the custodian of the requested records. Such citizen request shall designate the requested records with reasonable specificity.

. . . .

Public bodies shall not be required to create or prepare a particular requested record if it does not already exist.

. . . .

---

[3] The court also found the Superintendent's pleading demurrable on the ground that it failed to specify any grounds for injunctive relief against future reprisals by the Board. Because the Superintendent has retired from the Board's employment, we consider that issue moot.

Failure to make any response to a request for records shall be a violation of this chapter and deemed a denial of the request.

■ The Board argues, and the trial court held, that the foregoing provisions implicitly require a person who wishes to invoke the Act's remedies to make a request for records from the public body before instituting judicial proceedings. The Board argues that it would be unfair to the public body to charge it with a violation of the Act when it had not first been given a fair opportunity to comply with its provisions.

We agree with the Board that where records exist, the legislative purpose was to require a request addressed to the public body, followed by a refusal, as a condition precedent to judicial proceedings for the production of those records. We do not agree, however, that the Act can be read to require either a request for records when the relief requested does not involve production of records, or a fruitless request for records which the requester knows to be nonexistent. By alleging the nonexistence of any minutes of the closed meeting of March 15, 1988, the Superintendent obviated any need to allege a prior request for, and denial of, those records. If the Board contends that minutes of the closed meeting exist, it may raise that issue by responsive pleading on the merits. The Superintendant's allegations are sufficient to withstand a demurrer. Because the court erred in dismissing the proceeding, we will reverse.

## EXECUTIVE SESSION

■ Further issues which will arise on remand require additional discussion. Code § 2.1-343 provides that all meetings shall be open to the public, except as otherwise specifically provided. Section 2.1-344 provides a long list of exceptions for which closed meetings are specifically permitted. Section 2.1-344 (A)(1) includes, in the list of exceptions, discussion or consideration of "employment, assignment . . . performance, demotion . . . disciplining or resignation of specific public officers, appointees or employees of any public body." Code § 2.1-344.1 (A), however, provides:

No meetings shall become an executive or closed meeting unless the public body proposing to convene such meeting

shall have taken an affirmative recorded vote in open session to that effect, by motion stating specifically the purpose or purposes which are to be the subject of the meeting, and reasonably identifying the substance of the matters to be discussed. A statement shall be included in the minutes of the open meeting which shall make specific reference to the applicable exemption or exemptions from open meeting requirements provided in subsection A of § 2.1-344 or in § 2.1-345, and the matters contained in such motion shall be set forth in those minutes. A general reference to the provisions of this chapter or authorized exemptions from open meeting requirements shall not be sufficient to satisfy the requirements for an executive or closed meeting.

The trial court found, and the Board concedes, that the motion which called the executive session of March 15, 1988, lacked the specificity required by the foregoing section and that the closed session was, therefore, not a "valid executive session."

■ The Superintendent asked for mandamus to compel the Board to "provide written minutes relating to the matters discussed in the purported closed session of March 15, 1988." An express provision of Code § 2.1-342, quoted earlier, relieves the Board of any requirement to "create or prepare a particular requested record if it does not already exist." Mandamus, therefore, is precluded by the Superintendent's own allegations.

■ The Superintendent's prayer for injunctive and other relief must be decided upon the evidence developed at trial. Although Code § 2.1-346 permits injunctive relief upon proof of a single violation of the Act, based upon the inference that future violations will occur, such relief remains discretionary with the court. It is an "extraordinary and drastic remedy [and] is not to be casually or perfunctorily ordered." *Nageotte* v. *King George County*, 223 Va. 259, 270, 288 S.E.2d 423, 428 (1982). It will not be granted unless the court finds that the violation was willful, knowing, and substantial. *Id.* at 269-70, 288 S.E.2d at 428.

Code § 2.1-346.1 provides for civil penalties against individual members of the Board if the court finds that the violation was "willfully and knowingly made." In *Nageotte*, we held that such penalties were unjustified where a public body had acted in good faith and on the advice of counsel. *Id.* at 269, 288 S.E.2d at 428.

This determination, therefore, must await the proof of a "willful and knowing" violation.

■ An award of attorney's fees and costs stands upon a slightly different footing. Code § 2.1-346 provides for such an award as a matter of right "if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust." Such special circumstances were found in *Nageotte*, where petitioners had acted *pro se*, had proved only an insubstantial and inadvertent violation by the public body which did not qualify for injunctive relief, and failed to prove any action taken by the public body in a closed session which would be invalidated by the violation. *Id.* at 270, 288 S.E.2d at 428. A similar determination, therefore, depends upon the proof to be adduced in the present case.

Accordingly, we will reverse the order appealed from and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*