## CIRCUIT COURT OF THE CITY OF RICHMOND

Janice L. Redinger

v.

John T. Casteen, III

August 2, 1995

Case No. LX-2908-1

By Judge Melvin R. Hughes, Jr.

This proceeding is an outgrowth of an earlier one which resulted in allowing and denying disclosure of certain documents under the Virginia Freedom of Information Act, § 2.1-340, *et seq.* (The Act or FOIA). The court decided the issues in a letter dated January 18, 1995, [35 Va. Cir. 380], and the decision was afterwards implemented in an order entered February 15, 1959.

The parties are before the court again, this time on a Petition For Award of Fees and Costs pursuant to § 2.1-346.1 of the Act, which is opposed. In its pertinent part the section permits recovery as follows:

> If the court finds the denial to be a violation of the provisions of this chapter, the petitioner shall be entitled to recover reasonable costs and attorney fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust. In making this determination, a court may consider, among other things, the reliance of a public body on an opinion of the Attorney General or a decision of a court that substantially supports the public body's positions.

In the prior proceeding in this case petitioner, a Virginia citizen, alleged and proved that on September 22, 1994, she had requested that the respondent turn over (1) certain correspondence, (2) billings statements of a Washington, D.C., law firm, and (3) a draft complaint for filing in federal

court. These documents concerned honor court proceedings at the University of Virginia involving a student in an alleged cheating incident. The respondent is the president of the university.

Without detailing all the facts again, a considerable controversy in the University community developed when the student was at first tried and convicted in the honor court proceeding and later ordered by the administration to be retried and eventually acquitted. The controversy centered on whether there had been improper interference with the student run disciplinary program by the administration after the student's counsel threatened legal action. Questions were also raised about the university's relationship with the student's lawyers and an agreement that some or all of the student's legal fees would be paid by the university. On September 30, 1994, respondent refused to turn over the billings statements and most of the requested correspondence. Thereafter, a hearing in this court was held on a Petition For Writ of Mandamus which resulted in some but not all of the requested documents ordered disclosed. The day before the November 18 hearing, respondent gave petitioner some of the requested billings statements but in a redacted format. The balance of the requested documents were given to the court at the hearing for *in camera* inspection.

After the *in camera* inspection, the court allowed disclosure of (1) a letter to the Rector of the University Board of Visitors from the law firm with copies to the secretary of the Board and respondent Casteen and (2) a draft complaint for the United States District Court done by the law firm submitted to University officials. The court required that student names be redacted from the documents ordered disclosed. Thirdly, the court ruled that the requested billings statements did not fit any claimed exemption and ordered that these be furnished "in the most complete form received by the Commonwealth." The court denied access to correspondence between the special assistant attorney general serving as university counsel and the law firm about the accused student under an exemption provision of the Act.

Observing that our Supreme Court has not set out nor perhaps had the occasion to say what standards guide the trial courts in determining when a party "substantially prevails on the merits" and what "special circumstances [making] an award unjust" might be under the Act, respondent cites many federal cases interpreting an attorney's fee-cost provision under the federal Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). Importantly, the federal provision, as petitioner points out, speaks in permissive terms with the use of "the court may," while our statute in its present form

is in the mandatory with the "petitioner shall be entitled" provided the court finds the Act to have been violated. The court must, of course, also find that the petitioner substantially prevailed and there are no special circumstances making such award unjust. Once the court determines that a petitioner has substantially prevailed, the statute directs that in deciding the matter the court should regard any Attorney General opinion or court decision the public body may have relied on in not granting access.

First, the issue of substantially prevailing. Respondent maintains that in considering this issue the court should regard certain equitable factors found in the federal cases. The first of these is whether there was any benefit to the public derived from the documents disclosed as a result of this lawsuit. As to this factor, the argument is that the disclosures only confirmed that the honor committee process involving the student was seriously flawed exposing the University of Virginia to substantial risks of liability. Thus, the disclosures only confirmed what was already known. The second is any commercial benefit to the petitioner — whether there was any private and pecuniary incentive to pursue the disclosures, the argument here being that no such benefit has anywhere been mentioned or present in this proceeding. Thus, a third factor of any interest the petitioner may have in the information has never been indicated. Fourth, respondent contends that the refusal to disclose the documents had a basis in law because the court recognized student confidentiality concerns respondent had raised by ordering the omission of personally identifiable information. Finally respondent advances that even if the court were to decide to grant the requested fees, there is no evidence that the amount is reasonable. All of these are valid considerations to take into account. (These factors argued as bearing on the issue of substantially prevailing seem more appropriate for consideration on special circumstances.) However, as noted the federal courts have operated under a statute that permits rather than mandates attorney's fees and costs. They have balanced those factors in determining whether such awards should be allowed within the parameters of discretion. Our statute makes their allowance a matter of right. Both sides have noted Virginia cases addressing these issues under the Virginia FOIA.

In *Nageotte v. King George County,* 223 Va. 259 (1982), after finding that a county board of supervisors violated the Act but that the violations were "unsubstantial" and not "willful and knowing," the court declined to allow attorney's fees observing that attorney's fees under § 2.1-346 "were authorized but not mandated." *Id.* at 270. By the time *Hale v. Washington County School Board,* 241 Va. 76 (1981), came before the court, the at-

torney's fee provision of the FOIA had been changed by the legislature in 1989 from "the court may" to "the petitioner shall be entitled." In *Hale* the court ruled that an administrative request for minutes or other records is not a condition precedent to applying for court remedies under the Act. As in *Nageotte*, the Court observed that when it comes to civil penalties for violations of the Act, there must first be a finding of willful and knowing violations. Regarding attorney's fees and costs, the court said:

> An award of attorney's fees and costs stands upon a slightly different footing. Code § 2.1-346 provides for such an award as a matter of right "if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust." Such special circumstances were found in *Nageotte*, where petitioners had acted *pro se*, had proved only an insubstantial and inadvertent violation by the public body which did not qualify for injunctive relief, and failed to prove any action taken by the public body in a closed session which would be invalidated by the violation. *Id.* at 270, 288 S.E.2d at 428. A similar determination, therefore, depends upon the proof to be adduced in the present case.

*Id.* at p. 82. The Court reversed and remanded the case for further proceedings. Again, there is a difference between the parties as to whether attorney's fees and costs are a matter of right. Any entitlement is a matter of right as the court in *Hale* observed but the difficulty is in conditions the Act sets for the implementation of the right, the "substantially prevailed" and "special circumstances."

There is considerable difference between *Nageotte* involving alleged improper closed meetings of a governmental body and *Hale* involving closed meetings of a local school board from the case at hand. Here, we are not dealing with governing bodies whose actions affect the citizens as a whole. Rather, here there is a controversy involving a state run educational institution where a citizen and many others want to know facts about what officials knew, when they knew it, and how and when decisions were made affecting the operation of a higher education disciplinary system that is supposed to be student run. The court makes no decision regarding whether the administration's involvement in the matter was improper. It is sufficient to say that according to the background, according to the requests for disclosure that were made, and considering the Act there are many in the university community and beyond who have a valid in-

terest in how an important component of a state institution of higher learn-ing in the form of a student run disciplinary system is maintained.

I believe it fair to say that petitioner has substantially prevailed on the request for disclosure. The disclosures came after first requesting the material under law. This was met with a refusal and a later filing of the instant petition under the same law made and provided resulting in the court's decision to give most but not all of the requested documents. The fact that the billings statements were provided the day before the hearing albeit in redacted form, does not deny the idea that this and the rest of the requested documents were first refused and it took a lawsuit to get them and some of the other requested documents. The objective of access by voluntary dis-closure behind the Act would be defeated if the state could first deny a request and then force a citizen to resort to court action to get them only to diffuse an attorney's fee request by giving over the requested things after court action is initiated. The court decided the petitioner had a clear right to correspondence and the billings statements. These did not demonstrate any concerns of student confidentiality. The same is true regarding the draft complaint. The other information not ordered disclosed, attorney general correspondence and the redacted student names, were validly withheld and the court so found. So what results is a combination of claims for disclosure which were clear and others not so clear where petitioner prevailed on some, not on others, and where there were valid legal bases for respondent's refusal to turn over some of the documents initially. The analysis should not be reduced to a score card or percentage of outcome but should be based on the petitioner making a showing that the materials sought are covered for disclosure by the Act given the access afforded by it.

Second, on special circumstances. As noted, to support the position that fees and costs are not due respondent relies on many federal cases as well as the two Virginia cases discussed above. None of these authorities on which the respondent relies support that an award here is unjust. Indeed, as stated previously the federal cases are inapposite. It is the court's view that this case is in keeping with the policy of the Act announced in § 2.1-340.1 where "all reports, documents and other material shall be available for disclosure upon request." That section goes on to say:

> This chapter shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of gov-ernment. Any exception or exemption from applicability shall be

> narrowly construed in order that nothing which should be public may be hidden from any person.

The court has ruled considering the Act and its exemptions under this framework according to the authorities cited by the parties. There are no special circumstances making an award of attorney's fees and costs unjust.

While respondent argues that petitioner has not shown that the claimed attorney's fees and costs are reasonable there has been no showing that they are unreasonable. The court is generally aware of the hourly rates of attorney's fees and associated costs as against given work to be done in many contexts. The amounts indicated here are within reason.

Accordingly, out of the $9,999.33 requested, the court will allow the sum of $4,500.00.