## CIRCUIT COURT OF THE CITY OF RICHMOND

Janice L. Redinger,
E. Jackson Boggs, Jr.,
and Hawes Spencer

v.

John T. Casteen, III

April 16, 1996

Case No. LX-2908-1

BY JUDGE MELVIN R. HUGHES, JR.

The petitioners, Virginia citizens, have made a second request for mandamus relief under the Virginia Freedom of Information Act, §§ 2.1-340, *et seq.* (The Act or FOIA) in this case.

The underlying facts and circumstances regarding this request have been outlined in an earlier ruling on the first request in a letter to counsel dated January 18, 1995,[1] and will not be repeated here. With that reference, it is sufficient to say that in this request the petitioners seek the transcript of the Leggett honor trials. Specifically, they have requested the following documents:

1. Copies of any and all tape recordings of any Leggett Honor Trials.

2. Transcripts which have been made of any of the tape recordings requested.

3. A copy of any and all correspondence from Leggett to the Honor Committee relating to: (a) the request for a good cause appeal; (b) the request for certification hearing; and (c) the request for new evidence appeal.

---

[1] This opinion is printed at 35 Va. Cir. 380; note also the opinion of August 2, 1995, at 36 Va. Cir. 479. [Reporter's Note]

The respondent, the president of the University of Virginia, opposes disclosure of these things on the ground that to do so would violate the so-called Buckley Amendment of the Family Education Rights and Privacy Act of 1974 (FERPA), a federal law, and the Virginia FOIA. Respondent asserts that the materials are exempt from disclosure under the terms of both FERPA and FOIA.

In the earlier petition, the court allowed disclosure of a letter and draft complaint, with student names redacted, and billing statements of a law firm but did not permit the disclosure of certain attorney general correspondence. The court agrees with the respondent on this request and believes the materials sought now are exempt from disclosure under FOIA. For this reason the issues between the parties concerning FERPA are not determinative.

There were two honor trials involving the allegations made against the university student involved, Christopher Leggett. There were also two appeal hearings. Only the second appeal hearing was not closed. Petitioners seek disclosure of the two trials and the one appeal, which were not open to the public. The court believes that the requirements of the Virginia FOIA do not permit disclosure.

Under the Virginia FOIA, § 2.1-342(B)(3) "scholastic records . . . containing information concerning identifiable individuals" are exempt from disclosure. FOIA defines "scholastic records" in § 2.1-341 as "those records, files, documents, and other materials containing information about a student and maintained by a public body which is an educational agency or institution or by a person acting for such agency or institution . . . ." The court reads this language as exempting the tapes, transcripts and related documents of the proceedings from disclosure. This exemption does not have to do with only academic records, as petitioners maintain but rather are scholastic records which necessarily must contain "information about a student" under § 2.1-342(B)(3).

Further, petitioner's argument that there is a further exclusion by the terms used in the definition of "scholastic records" making these materials subject to disclosure is not well taken. Section 2.1-341 excludes from scholastic records "records of instructional, supervisory and administrative personnel . . . which are in the sole possession of the maker thereof and which are not accessible or revealed to any person except a substitute." It is difficult to see the persons who maintain the student run honor system as supervisory or administrative personnel of a public body. As understood, the honor program at the University of Virginia is student run

and the records of disciplinary proceedings are maintained by them. And while the student honor program and disciplinary system of the University of Virginia is no doubt an important adjunct to the educational system provided, it would be a stretch to say that the students are personnel of a public body within the meaning of the FOIA disclosure requirements. I doubt too that these materials are "made" by any one person and maintained in any one person's sole possession within the meaning of § 2.1-341. Moreover, such records must be available to the administration as well. Liberal construction of FOIA in favor of disclosure must yield to a narrow construction of an exemption, where applicable. *Marsh v. Richmond Newspapers*, 223 Va. 245 (1982); *Associated Tax Serv. v. Fitzpatrick*, 236 Va. 181 (1988). What makes these documents different from the correspondence and billings between and among university officials and Leggett's lawyers ordered disclosed in the first ruling is that the present ones are "scholastic records" under FOIA while the others were not.

Secondly, as previously mentioned, FERPA, federal law conditions the receipt of federal funding on compliance by educational institutions with the procedures it sets for maintaining education records. FERPA defines "education records" as "those records, files, documents, and other materials which . . . (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or constitution." 20 U.S.C. § 1232y(a)(4)(A). Given the decision on the FOIA basis, it is not necessary to reach the questions raised under FERPA.

Finally, there is the question of waiver of confidentiality. Petitioners maintain that Leggett and the respondents have by their actions waived any confidentiality otherwise afforded by law. The court is not convinced that respondent's "Open Letter To The University Community" and Leggett's assertion of a right to an open hearing on the second trial waives the requirements of FOIA as to other parts of the Leggett disciplinary matter. A relinquishment of the rights to preserve those materials from the disclosure requirements of FOIA must be first demonstrated to extend to those other parts of the proceedings as well. There has been no such showing here.

Accordingly, this request is denied.