## CIRCUIT COURT OF WARREN COUNTY

Shenandoah Publishing House, Inc.

v.

Warren County School Board et al.

October 28, 1996

Case No. (Chancery) 96-155

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on October 28, 1996, for trial on a newspaper's petition for an injunction against the Warren County School Board for violating the Virginia Freedom of Information Act in hiring a new Assistant Superintendent of Schools. The parties appeared with their counsel, J. David Griffin, Esquire, for the complainant; and Douglas W. Napier, Esquire, for the defendants. Thereupon, the Complainant withdrew its claim for assessment of civil penalties against the School Board collectively or its individual members.

Thereupon, various exhibits were admitted into evidence, the material facts were reviewed with the parties, and the Court found that there was no genuine dispute about any material fact. Whereupon, the evidence was argued by counsel, and the Court announced that it would take the matter under consideration. Upon further consideration, the Court has made the following decision to grant, in part, the petition for an injunction.

### I. *Statement of Facts*

The following facts are not in dispute.

The complainant Shenandoah Publishing House is a Virginia corporation which publishes the *Northern Virginia Daily*, a daily newspaper of general circulation in Warren County, Virginia, hereinafter called the *Daily*.

The Warren School Board is a political subdivision of the Commonwealth of Virginia, hereinafter called the School Board. By resolution adopted June 20, 1996, in open session, the School Board authorized the Chairman of the School Board "to sign contracts for new employees pending approval by the full Board at the next regular meeting."

At an August 26, 1996, meeting of the School Board, the School Board adjourned into executive session pursuant to Virginia Code § 2.1-344(a)(1), to discuss "Assistant Superintendent selection and other personnel issues." During this executive session, the School Board considered applicants for the position of assistant superintendent and reached a consensus that Roy F. Monk was the person whom they wished to hire.

Pursuant to the consensus reached in the executive session, the School Board Chairman then contacted Mr. Monk and advised him of the School Board's preference, and on August 28, 1996, the Chairman of the School Board signed an employment contract with Mr. Monk to employ him as Assistant Superintendent of the Warren County Schools. While this contract specifically provided that it was subject to the authority of the school board, it also provided that Mr. Monk's services would begin on September 3, 1996, which was nine days before the contract was formally approved by the School Board.

The next regularly scheduled meeting of the School Board was on September 12, 1996, and at that meeting in open session, the School voted unanimously to approve the August 28, 1996, contract between the School Board and Mr. Monk.

Mr. Monk has been continuously employed by the School Board since September 3, 1996, as provided in the August 28, 1996, agreement, and the *Daily* asks this Court to declare that his employment in the period from September 3 through September 12, 1996, was unlawful and that his employment during that period was "null and void."

## II. *Conclusions of Law*

The facts in this case are not in dispute, rather a question exists as to whether the School Board's policy of giving the School Board Chairman the plenary authority to conditionally employ the new Assistant Superintendent of Schools subject to but before the Board takes formal action in open session to approve the contract violates Virginia Code § 2.1-344(B), which provides that:

> No ... contract ... agreed to in an executive or closed session shall become effective unless the public body, following the meeting,

reconvenes in open meeting and takes a vote of the membership on such ... . contract ... which shall have its substance reasonably identified in the open meeting.

The *Daily* argues that this statute prohibits the School Board Chairman from signing employment contracts, which are discussed in a closed executive session and which have an effective date before formal approval by the School Board, even though the contract is conditioned upon the School Board's later formal approval in open session of the contract as was done in this case.

The Virginia Freedom of Information Act "shall be liberally construed to enable citizens to observe the operations of government and ... the exemptions shall be narrowly construed 'in order that no thing which should be public may be hidden from any person'." *City of Danville v. Laird*, 223 Va. 271, 276, 288 S.E.2d 429 (1982). *See also* Virginia Code § 2.1-340.1 and *Taylor v. Worrell Enterprises*, 242 Va. 219, 224 (1991). Virginia § 2.1-344(A)(1) provides that "discussion, consideration or interviews of prospective candidates for employment ... *of specific public* officers, *appointees or employees of any public body...*" may be discussed in a closed executive session. The application of this exception to this case is conceded by the *Daily*.

The School Board is a "public quasi corporation ... that exercise[s] limited powers and functions of a public nature granted to them expressly or by necessary implication [of law], and none other." *Kellam v. School Board*, 202 Va. 252, 254, 117 S.E.2d 96 (1960). Because of its public character, the School Board's ability to enter contracts is more circumscribed than that of a private corporation. When the School Board enters into a closed executive session, the jurisdiction of the Freedom of Information Act is triggered, and the permissible range of the School Board's action on the matter discussed in the executive session is limited by the Freedom of Information Act.

Virginia Code § 2.1-344(B) is clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "Remedial statutes are to be construed liberally to remedy the mischief to which they are directed in accordance with the legislature's intended purpose." *Carmel v. City of Hampton*, 241 Va. 457, 460, 403 S.E.2d 335 (1991). "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984).

Effective means "actually in operation or in force." *Random House Unabridged Dictionary* (2d ed. 1993). Therefore, the School Board's contract with Mr. Monk could not become effective, nor could he begin work, until the School Board reconvened in open session and voted on the contract, because the School Board had discussed his contract in a closed executive session.

A public body like the School Board may adjourn into executive session to discuss applicants for employment and in those discussions reach a consensus as to action to be later formally taken, and the School Board may ratify in open session actions impermissibly taken in a closed executive session. *See Nageotte v. King George County*, 233 Va. 259, 268, 288 S.E.2d 423 (1982); and Virginia Code § 2.1-344(C). While these principles will validate both the Board's hiring of Mr. Monk and Mr. Monk's employment and actions during the period from September 3 to September 12, 1996, these principles do not justify the School Board's general practice of this procedure as was argued by the School Board, or Mr. Monk's conditional hiring in this case. There are many ways to comply with the Freedom of Information Act, as the School Board apparently did in the recent hiring of a new high school principal. Moreover, Mr. Monk's contract could have provided that it would become effective immediately upon formal approval by the School Board instead of on September 3, 1996. The School Board must comply with the Freedom of Information Act even though this may cause some inconvenience and additional expense.

Virginia Code § 2.1-346 provides that violations of the Virginia Freedom of Information Act may be enforced by injunction and that "a single instance of denial of the rights and privileges conferred by the chapter shall be sufficient to invoke the remedies herein granted." "Although Code § 2.1-346 permits injunctive relief upon proof of a single violation of the Act, based upon the inference that future violations will occur, such relief remains discretionary with the court. It is an 'extraordinary and drastic remedy [and] is not to be casually or perfunctorily ordered'." *Hale v. Washington County Sch. Bd.*, 241 Va. 76, 81, 400 S.E.2d 175 (1991).

The procedural violation in this case was both minor and unintended. Its effect was ephemeral in that there was only a nine day hiatus between the effective date of the contract and the date that it was formally approved by the School Board. The spirit of the Act was complied with, because the School Board issued a press release the day that the contract was signed. Nonetheless, the procedure employed was apparently pursuant to a general policy of the School Board, and that general policy, as it applies to contracts discussed in closed executive sessions, violates the Freedom of Information Act, so the

future application of that policy is the proper grounds for an injunction on the very narrow issue presented by the facts of this case.

### III. *Decision*

For the foregoing reasons, it is adjudged and decreed that:

1. The Complainant's motion for an injunction enjoining the School Board from hiring employees by a contract which was discussed in a closed executive session and whose effective date is a date before the contract is approved by the School Board in open session is granted, and the School Board is enjoined from entering into any contract, which was discussed during a closed executive session conducted pursuant to the Virginia Freedom of Information Act and whose effective date is before the date on which the School Board reconvenes in open session and formally approves the contract.

2. The Complainant's prayer that Mr. Monk's employment during the period from September 3 to 12, 1996, be declared null and void is denied.

This is a final decree, and the Clerk is directed to place this among the ended causes.