COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Causey and White
Argued by videoconference

PUBLISHED

TOWN OF SOUTH HILL

v.      Record No. 1574-23-2

RICHARD F. HAWKINS, III

OPINION BY
JUDGE GLEN A. HUFF

RICHARD F. HAWKINS, III                    DECEMBER 10, 2024

v.      Record No. 1586-23-2

TOWN OF SOUTH HILL


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
J. William Watson, Jr., Judge

Melissa Y. York (Harman, Claytor, Corrigan & Wellman, on briefs),
for Town of South Hill.

Richard F. Hawkins, III, *pro se*.


Following remand from the Supreme Court, the Circuit Court of Mecklenburg County

(the "trial court") ordered the Town of South Hill (the "Town") to produce documents, with

minimal redactions, pursuant to a Virginia Freedom of Information Act ("VFOIA") request from

Richard Hawkins, III ("Hawkins"). In doing so, the trial court determined that releasing the

disputed documents from Hawkins's VFOIA request would not be an unwarranted invasion of

personal privacy and it refused the Town's numerous proposed redactions to the disputed

documents. Further, the trial court awarded Hawkins costs because he substantially prevailed

post-remand, but found he was not entitled to attorney fees because he was a licensed attorney

acting *pro se*.[1]  On appeal, the Town challenges the trial court's rulings on the documents and

costs.  Hawkins cross-appeals, assigning error to the trial court's denial of attorney fees because

he was a licensed attorney acting *pro se* in this matter.  For the following reasons, this Court

affirms the trial court's order requiring the disputed documents be produced with minimal

redactions, affirms the trial court's award of costs, reverses the holding that Hawkins was

categorically barred from recovering attorney fees because he was acting *pro se*, and remands

this matter for determination of Hawkins's attorney fee award.[2]

## BACKGROUND[3]

These consolidated cases arise from Hawkins's VFOIA requests made to the Town for

three categories of documents concerning various former employees' resignations.[4]  *See Hawkins*

*v. Town of South Hill*, 301 Va. 416, 422 (2022) (hereinafter *Hawkins I*).  The Town produced 52

pages of responsive documents in one of the requested categories but, citing the "personnel

---

[1] "We use *attorney fees* rather than the possessive form *attorney's fees* unless quoting the parties' own documents."  *Worsham v. Worsham*, 74 Va. App. 151, 178 n.9 (2022).  "Although attorney fees may be 'inelegant,' it is 'increasingly common,' operating as 'a means to avoid having to get the apostrophe right.'"  *Id.* (quoting Bryan A. Garner, *Garner's Dictionary of Legal Usage* 94 (3d ed. 2011)).

[2] These cases were consolidated by joint motion of the parties.  *See Town of South Hill v. Hawkins*, No. 1574-23-2 (Va. Ct. App. Nov. 27, 2023) (order); *Hawkins v. Town of South Hill*, No. 1586-23-2 (Va. Ct. App. Nov. 27, 2023) (order).

[3] "Because this matter comes to us after a trial of the issues below, we owe deference to the trial court's factual findings and must view the evidence in the light most favorable to the prevailing party below."  *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 196 n.1 (2023).  "To the extent that this opinion mentions facts found in the sealed [documents], we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed [documents] remains sealed" until such time as they are turned over to Hawkins pursuant to the trial court's order.  *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[4] Hawkins originally sought 17 categories of documents, but ultimately narrowed his request to just 3 categories.

information" exemption set forth in Code § 2.2-3705.1(1), informed Hawkins there were no nonexempt responsive documents for the other two categories.

Hawkins petitioned the trial court for a writ of mandamus to compel the Town to produce the remaining requested documents. *Hawkins I*, 301 Va. at 422. The Town demurred and, at the demurrer hearing, the parties narrowed the dispute to only seven documents. *Id.* at 423. After reviewing those seven documents in camera, the trial court granted the writ as to two of the documents—ordering one to be produced in its entirety and the other to be redacted and produced—but determined the Town properly withheld five of the seven documents under the VFOIA personnel information exemption.[5] *Id.* The five withheld documents were: (i) a demand letter from a Town employee's attorney outlining the employee's discrimination complaints and the employee's position on settlement (the "Demand Letter"); (ii) an email sent from a Town employee to the mayor and town council regarding disciplinary action taken against him, which included the employee's negative performance evaluation and his responses to the allegations of deficient performance (the "Six Page Email")[6]; and (iii) three resignation letters from Town employees, including the resignation of Bill Wilson (the "Wilson Letter"). *Id.*

Hawkins appealed the denial of these five documents to the Supreme Court. *See generally id.* The Supreme Court reversed the trial court and defined "personnel information" as used in Code § 2.2-3705.1(1) as applying to "data, facts, or statements within a public record relating to a specific government employee, which are in the possession of the entity solely

---

[5] "The circuit court ordered that the disputed documents be produced for in camera review, which 'constitutes a proper method to balance the need to preserve confidentiality of privileged materials with the statutory duty of disclosure under VFOIA.'" *Hawkins I*, 301 Va. at 423 n.1 (quoting *Bergano v. City of Virginia Beach*, 296 Va. 403, 410 (2018)).

[6] The Six Page Email consists generally of the employee's email on page one, a performance evaluation sent to the employee outlining deficiencies in his work performance beginning on page two, and a memo from the employee responding to the performance evaluation and providing his own explanations.

because of the individual's employment relationship with the entity, and are private, but for the individual's employment with the entity." *Id.* The Supreme Court further explained that "data, facts, and statements are private if their disclosure would constitute an 'unwarranted invasion of personal privacy' to a reasonable person under the circumstances." *Id.* The matter was remanded to the trial court for further proceedings. *Id.* at 433-35.

On remand, the trial court again considered the five disputed documents as well as the matter of attorney fees. The Town submitted sealed copies of the disputed documents to the trial court with proposed redactions based on its own understanding of the *Hawkins I* definition of the personnel information exemption. After applying the *Hawkins I* definition, the trial court rejected most of the Town's proposed redactions and ordered all five of the previously withheld documents be produced with minimal redactions.[7]

The trial court determined the Six Page Email was not "private" under the personnel information exemption because the email described matters solely relating to the employee's employment, the employee's performance evaluation related solely to the performance of public functions, and a reasonable person would not believe an employee's response to a performance evaluation is an unwarranted invasion of personal privacy. The Demand Letter was ordered to be produced with minimal redactions because it contained allegations of mistreatment between two Town employees and references events entirely related to the employee's employment with the Town. The trial court also reasoned the information in the Demand Letter was information known by the employer *because* of the employment relationship and, therefore, the document did not contain statements that would "not otherwise be disclosed to the employer." Finally, the trial

---

[7] The "minimal redactions" ordered by the trial court generally consist of: (1) names and titles of other Town employees; (2) references to Town employees' relationships with one another; (3) words indicative of Town employees' religious beliefs; and (4) words indicative of Town employees' medical history or conditions.

court ordered the three resignation letters, including the Wilson Letter, to be produced with minimal redactions because—although the letters contain the Town employees' reasons for resigning—they did not reveal any personal information which a reasonable person under the circumstances would find to be an unwarranted invasion of personal privacy.

The trial court further acknowledged that each of the five documents was voluntarily disclosed by the Town employees and a reasonable person under the circumstances would not find the voluntary disclosure to be an unwarranted invasion of personal privacy. With respect to post-remand costs and attorney fees, the trial court concluded that Hawkins was entitled to recover his costs because he substantially prevailed, but he was not entitled to recover attorney fees—despite being an attorney—because he was proceeding *pro se*. Despite denying the request for attorney fees under a categorical bar to *pro se* litigants, the trial court opined that "[w]hile not necessary to [its] opinion, [the trial court] does not find there are special circumstances post-remand which would prevent an award of attorney fees."

These appeals followed.

## ANALYSIS

### The Town's Assignments of Error

I. <u>The trial court did not err in finding that the Six Page Email, the Demand Letter, and the Wilson Letter were not unwarranted invasions of personal privacy.</u>

In the Town's first three assignments of error, it contends the trial court erred in finding that the Six Page Email, the Demand Letter, and the Wilson Letter were not an unwarranted invasion of personal privacy and, in the alternative, that the trial court erred in rejecting most of its proposed redactions.[8]

---

[8] The trial court ordered the production of all three previously withheld resignation letters. On appeal, the Town only challenges the trial court's rulings as to the Wilson Letter.

"To the extent that the proper application of VFOIA's requirements turns on the specific facts of the case, we owe deference to the trial court's factual findings . . . unless 'they are "plainly wrong or without evidence to support [them]."'" *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 205 (2023) (quoting *Grayson v. Westwood Bldgs. L.P.*, 300 Va. 25, 38 (2021)). In *Hawkins I*, 301 Va. at 432, the Supreme Court determined that documents are "private" under Code § 2.2-3705.1(1)'s personnel information exemption if, under the circumstances, disclosure by the government body would constitute an "unwarranted invasion of privacy" to a reasonable person. The Supreme Court acknowledged that the "trial court is in the best position to assess the 'precise contours' of what is private *in the context of this case*." *Id.* at 433 (emphasis added). Therefore, the trial court's conclusions with respect to unwarranted invasions of personal privacy within a given case are factual findings that will not be disturbed unless plainly wrong. *See Wahlstrom*, 302 Va. at 205 (quoting *Grayson*, 300 Va. at 38).

### A. Six Page Email

The Town contends the Six Page Email is a private document within the personnel information exemption and, if released at all, should be released with the Town's proposed redactions. The Town argues the entire body of the Six Page Email referring to the employee's performance evaluation should be redacted because having "detailed deficiencies in his or her performance available to the public eye" constitutes an unwarranted invasion of personal privacy.

On remand, the trial court ordered the first page of the Six Page Email be produced in its entirety because the email describes an event solely relating to the employee's employment with the Town and thus is not private within the meaning of the personnel information exemption. With respect to the performance evaluation, the trial court ordered it be produced with minimal redactions because an employee's performance evaluation relating solely to the performance of

their public functions would not cause a reasonable person to feel that production of the document was an unwarranted invasion of personal privacy. Concerning the employee's responses to the performance evaluation, the trial court ordered it be produced with minimal redactions because a reasonable person would not believe that an employee's explanations and response to a performance evaluation is an unwarranted invasion of personal privacy. The trial court finally acknowledged the Six Page Email as a whole is not "private" under the personnel information exemption because the employee intentionally and voluntarily sent the documents to the mayor and the town council and, under those circumstances, a reasonable person would not believe such voluntary disclosure to be an unwarranted violation of personal privacy.

### B. Demand Letter

Next, the Town contends the trial court erred by holding the Demand Letter is not a private document within the personnel information exemption and, alternatively, erred by ordering its production without the Town's proposed redactions. The Town argues the employee has a reasonable expectation of privacy in the contents of the Demand Letter that was not waived because the document was sent only to the "individual tasked with considering and responding to the legal arguments raised in the demand letter." The Town further argues the Demand Letter contains a confidential settlement proposal that should be considered private. The Town reasons that a "settlement agreement resulting from an employment dispute is protected from production under VFOIA; it follows that settlement demands should be protected as well."[9] Finally, the

---

[9] Insofar as VFOIA protects settlement contracts, the Town misconstrues the law's contours. Code § 2.2-3705.1(1) provides that no provision of VFOIA "shall be construed as denying public access to (i) contracts between a public body and its officers or employees, other than contracts settling public employee employment disputes . . . ." In construing statutes, courts have "'consistently applied the time-honored principle *expressio unius est exclusio alterius*,' because this maxim 'recognizes the competence of the legislature to choose its words with care.'" *Miller & Rhoads Bldg., L.L.C. v. City of Richmond*, 292 Va. 537, 544 (2016) (quoting *Virginia Dep't of Health v. NRV Real Estate, LLC*, 278 Va. 181, 187-88 (2009)). The General Assembly purposefully enacted the statute to exempt "*contracts* settling public employee

Town contends that documents like the Demand Letter, which contains unverified allegations of discrimination, should be deemed private in the interest of public policy.

Applying the *Hawkins I* personnel information exemption definition, the trial court ordered the Demand Letter to be produced with minimal redactions. Such redactions include the names and titles of other Town employees and all references to the employees' medical history. The trial court reasoned the unredacted portions of the Demand Letter do not fall within the personnel information exemption because the document contains allegations of mistreatment between two Town employees and references events entirely related to the employees' employment with the Town. The trial court also found that this information was known by the employer *because* of the employment relationship and, therefore, the document did not contain statements that would "not otherwise be disclosed to the employer." Finally, the trial court reasoned the Demand Letter was intentionally and voluntarily sent to the Town's attorney by the employee and, therefore, a reasonable person under the circumstances would not find disclosure of the document to be an unwarranted invasion of personal privacy.

### C. Wilson Letter

Lastly, the Town argues the trial court erred by holding that the Wilson Letter is not a private document within the personnel information exemption and, alternatively, by ordering its production without the Town's proposed redactions. The Town argues that a person has an expectation of privacy in their resignation letter when it contains an employee's performance evaluation and the employee's rebuttal to the performance evaluation. The Town further asserts that sending such documents to other Town employees does not waive the resigning employee's expectation of privacy in the content of the letter.

---

employment disputes." Code § 2.2-3705.1(1) (emphasis added). Here, the Demand Letter is clearly not a contract—it is a demand letter outlining an initial settlement offer which was never accepted by the Town.

The trial court ordered the Wilson Letter to be produced with minimal redactions, including the removal of other Town employees' names, references to Town employees' relationships, and words or phrases indicative of Town employees' medical conditions. The trial court reasoned that while the Wilson Letter contains a Town employee's rationale for resigning, it does not reveal any personal information that a reasonable person under the circumstances would find to be an unwarranted invasion of personal privacy. The trial court further found that the performance evaluation was voluntarily disclosed when the employee included it as part of the Wilson Letter because a reasonable person under the circumstances would not find the voluntary disclosure of such document to be an unwarranted invasion of personal privacy.

\*　　\*　　\*

The trial court, being "in the best position to assess the 'precise contours' of what is private in the context of this case," made the above factual findings as to the content of each disputed document and, applying the *Hawkins I* definition of the personnel information exception to VFOIA, determined what should be disclosed and what portions required redactions. *Hawkins I*, 301 Va. at 433. Having reviewed the documents, the proposed redactions, and the record in this matter, this Court cannot say the trial court's findings are plainly wrong. *See Wahlstrom*, 302 Va. at 205 (quoting *Grayson*, 300 Va. at 18). Accordingly, the trial court's order requiring production of the five remaining documents redacted in their current form is affirmed.

II. <u>The trial court did not err by concluding that Hawkins substantially prevailed post-remand instead of evaluating whether Hawkins substantially prevailed on the case as a whole.</u>

In its next assignment of error, the Town argues the trial court erred by concluding that Hawkins substantially prevailed on the post-remand proceeding instead of evaluating whether he substantially prevailed on the case as a whole. The trial court held that even if Hawkins were not

foreclosed from claiming costs and attorney fees for the pre-remand proceedings, "special circumstances exist that would make an award of costs or attorney's fees under VFOIA for such pre-remand proceedings unjust." With respect to the post-remand proceedings, however, the trial court awarded Hawkins his actual costs, finding that "no special circumstances exist that would make an award of 'reasonable costs,' as used under VFOIA, unjust."

Under VFOIA, a petitioner may recover costs and attorney fees if the petitioner "substantially prevails on the merits of the case, unless special circumstances would make an award unjust." Code § 2.2-3713(D). "By its express terms, Code § 2.2-3713(D) does not require a VFOIA petitioner to prevail on all aspects of his or her claim to be entitled to fees and costs, but only to 'substantially prevail[] on the merits of the case[.]'" *Wahlstrom*, 302 Va. at 215. To "substantially prevail, a litigant need not have achieved all of his or her objectives in the litigation, but rather, must have been successful regarding the main object of his or her suit." *Id.* "As used in Code § 2.2-3713(D), 'the merits of the case' plainly refers to the object of the action in which a claim that the FOIA has been violated is made, and that the party has prevailed in proving that there was some violation of the FOIA by the public body." *Hill v. Fairfax Cnty. Sch. Bd.*, 284 Va. 306, 314 (2012). "If the purpose of the action is merely to force compliance with the [V]FOIA by requiring the public body to produce the requested documents, then a finding by the trial court that some documents were wrongfully withheld may satisfy the statute's requirement that the party 'substantially prevails on the merits.'" *Id.* at 314-15.

Here, Hawkins's VFOIA request sought three categories of documents from the Town; that request resulted in the production of all but five documents. The Town refused to turn over those five documents, citing the Code § 2.2-3705.1(1) "personnel information" exception to VFOIA. Following remand from the Supreme Court, the trial court ordered those five documents be turned over with minimal redactions. Today, this Court affirms the trial court's

- 10 -

order requiring production of those five documents with minimal redactions. Accordingly, at this stage of litigation, Hawkins has received—with minimal redactions—everything he sought in his VFOIA request.

The main object of Hawkins's writ of mandamus petition—and his subsequent appeals—was to obtain documents requested under VFOIA that he believed were wrongfully withheld by the Town. Because Hawkins has now successfully received all of the documents he sought, even with minimal redactions, he has obtained the object of his suit. Thus, this Court must affirm the award of costs because the trial court did not err in concluding that he "substantially prevail[ed] on the merits of the case" for the purpose of an award of costs pursuant to Code § 2.2-3713(D).

Nevertheless, the Town attempts to draw a distinction between pre- and post-remand proceedings and argues the trial court erred in considering whether Hawkins substantially prevailed in the post-remand proceedings without first considering whether he substantially prevailed in the pre-remand proceedings. The Town correctly states that to recover costs and attorney fees under VFOIA, the petitioner must "substantially prevail on the merits of the *case*," but, the Town's argument misapprehends the plain statutory language by suggesting that a litigant cannot "substantially prevail on the merits of the case" where the litigant did not substantially prevail in the initial trial court proceedings. Code § 2.2-3713(D) (emphasis added). Moreover, regardless of whether Hawkins substantially prevailed in the pre-remand proceedings, the Supreme Court made clear that remand was necessary because the "circuit court applied a definition of 'personnel information' different from the definition" adopted in *Hawkins I*, 301 Va. at 422. Because the trial court erred in the pre-remand proceeding to Hawkins's detriment, and such error necessitated a remand that resulted in Hawkins succeeding on the merits, this Court cannot now preclude Hawkins from recovering his post-remand costs simply because the Town prefers the erroneous pre-remand disposition.

For these reasons, the Town's arguments as to Hawkins's entitlement to costs are unavailing and this Court affirms the trial court's award of costs.

Hawkins's Assignment of Error

<u>The trial court erred by holding as a matter of law that a *pro se* attorney-litigant is not entitled to attorney fees under VFOIA.</u>

Turning to Hawkins's assignment of error, he contends the trial court erred by ruling as a matter of law that an attorney acting *pro se* cannot recover attorney fees under Code § 2.2-3713(D). The trial court held that Hawkins was not entitled to attorney fees, despite having substantially prevailed on the merits of the case and being awarded post-remand costs, merely because he petitioned "as a *pro se* litigant, and a *pro se* litigant such as Hawkins is not entitled to attorney's fees under VFOIA even if he is a licensed attorney and substantially prevails on the merits of the case." "In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo*.'" *Rollins v. Commonwealth*, 37 Va. App. 73, 79 (2001) (quoting *Timbers v. Commonwealth*, 28 Va. App. 187, 193 (1998)).

Where a trial court finds that a public body has wrongfully withheld information requested pursuant to VFOIA, the "petitioner shall be entitled to recover reasonable costs, including costs and reasonable fees for expert witnesses, and *attorney fees* from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust." Code § 2.2-3713(D) (emphasis added). Such "special circumstances" are those that are "unusual, uncommon, noteworthy, or extraordinary." *Wahlstrom*, 302 Va. at 217 n.15. Accordingly, a VFOIA petitioner who substantially prevails on the merits is entitled to attorney fees as a matter of right "*unless* unusual, uncommon, noteworthy, or extraordinary circumstances make such an award unjust." *Id.* (emphasis added).

Here, the trial court erred when it concluded that, as a matter of law, an attorney acting *pro se* cannot recover attorney fees under Code § 2.2-3713(D). In *Nageotte v. Board of*

- 12 -

*Supervisors*, 223 Va. 259, 269 (1982), the Supreme Court considered the denial of *pro se* attorney-petitioners' requests for attorney fees under Code § 2.1-346, the predecessor statute to Code § 2.2-3713(D). Unlike here, the trial court in *Nageotte* did not deny the request for attorney fees *because of* the attorney-petitioners' *pro se* status but instead found their *pro se* status was one of several reasons that would make an award of attorney fees *unjust in the circumstances of that case*. *Id.* at 269-70. There, the public body had not committed any willful and knowing violations and the public body's actions did not justify the relief sought by petitioners. *See id.* In affirming the attorney fee denial, the Supreme Court further reasoned that none of the public body's improper actions needed to be invalidated despite the misconduct. *Id.*

Similarly, in *Hale v. Washington County School Board*, 241 Va. 76, 82 (1991), the Supreme Court reversed the denial of VFOIA attorney fees and remanded for the trial court to determine whether any of the *Nageotte* factors constituted a special circumstance that would make an award unjust.[10] In remanding the case, the *Hale* Court clearly defined special circumstance factors as whether the petitioner had: (1) "proved only an insubstantial and inadvertent violation by the public body[,] which did not qualify for injunctive relief," and (2) "failed to prove any action taken by the public body in a closed session[,] which would be invalidated by the violation." *Id.*

As reflected in *Nageotte*, *Hale*, and *Wahlstrom*, *pro se* attorneys are not categorically barred from receiving VFOIA attorney fees when they substantially prevail in their case. Rather, they are presumptively entitled to the statutorily authorized attorney fees so long as there are no special circumstances rendering such an award unjust. Both *Hale* and *Wahlstrom* provide guidance for the determination of such unjust special circumstances. Accordingly, the trial

---

[10] Unlike *Nageotte*, none of the parties in *Hale* were attorneys acting *pro se*. *See generally Hale*, 241 Va. 76.

court's ruling that Hawkins is categorically barred from recovering attorney fees because he was an attorney acting *pro se* is reversed. And because the trial court already found that no special circumstances existed that would make an award of attorney fees unjust, this matter is remanded for the limited purpose of determining the value of Hawkins's reasonable attorney fees in this matter.[11]

## CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment as to the ordered release of documents with minimal redactions and as to post-remand costs. Because the trial court erred in categorically denying Hawkins's attorney fee request, this Court reverses that judgment and remands this matter for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

---

[11] Because Hawkins only assigns error to the trial court's categorical bar against his recovery of attorney fees as an attorney acting *pro se*, this Court renders no opinion as to what burden of proof Hawkins must satisfy to demonstrate the value of his attorney fees award, nor what evidence is necessary to satisfy such burden.