# Richmond

CITY OF DANVILLE, ET AL.

V.

RUTH C. LAIRD, ET AL.

March 12, 1982.

Record No. 800497.

Present: Carrico, C.J., Cochran, Poff, Compton, and Stephenson, JJ., and Harrison, Retired Justice.

E. Ewell Barr, *City Attorney (Frank W. Barnes, Assistant City Attorney,* on brief), for appellants.

*Robert L. Morrison, Jr.; M. Lee Yancey (Theodore P. Huggins; Warren, Parker, Williams and Stilwell; Huggins and Yancey,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

The question presented by this appeal is whether the trial court erred in ruling that the City Council of the City of Danville violated the provisions of Code § 2.1-344 of the Virginia Freedom of Information Act (Code §§ 2.1-340, *et seq.,* hereinafter referred to as the Act).

Ruth C. Laird, Bruce C. Dungan, William E. Evans, Victor W. White, and Davis C. Brooks filed their petition against the City of Danville and eight members of its City Council,[1] alleging that at a Special Meeting on June 7, 1979, Council willfully convened in

---

[1] A. K. Anderson, H. S. Bolton, Jr., Robert H. Clarke, Raymond D. Haley, Samuel A. Kushner, Jr., Dwight F. Willis, Therit T. Winstead, and Charles A. Zan Womack, Jr.

executive or closed session in violation of the Act. The petition sought an injunction and a writ of mandamus prohibiting the rezoning of certain property in accordance with a decision allegedly made in the closed meeting, imposition of civil penalties against each of the defendant Council members, and allowance of costs and attorneys' fees. Responsive pleadings were filed, and a hearing was conducted during which the petitioners filed a motion to have the court declare the Special Meeting of June 7 void as to action taken in respect to the zoning matters listed on the agenda, and specifically the vote thereon taken in the public meeting that followed the closed session.

The record shows that on June 6, 1979, the trial court entered an order in other litigation therein pending invalidating the action of Council in adopting an ordinance on March 13, 1979, which reversed in part on appeal the decision of the Planning Commission on a certain zoning application. The order stated that the court was of opinion that Council had made no finding that the Planning Commission acted arbitrarily or abused its discretion in making its decision. The order remanded the matter to Council for consideration, "if it be so advised," of the appeal from the Planning Commission "in accordance with applicable standards," directed the City to rescind any building permit inconsistent with the zoning invalidly altered, and retained jurisdiction of the case "if further relief becomes necessary."

On June 7, 1979, members were notified of a Special Meeting of Council to be held on that date at 9:00 p.m. The only business items listed on the agenda were the following:

4 - Consideration of the appeal of the decision by the City Planning Commission . . . which denied the request . . . to rezone [certain property therein described].

5 - [R]esolution authorizing and approving the Decree to be proposed by the City for entry by the Court in *United States of America* v. *City of Danville, Virginia, et al.,* pertaining to operations of Brantly Steam Generating Plant.

After the Special Meeting had been called to order, a member of Council made the following motion:

Mr. President, I move that this meeting be recessed and that the Council immediately reconvene in Executive Closed

Meeting for the purpose of consultation with legal counsel and briefings by staff members and attorneys pertaining to actual and potential litigation and other legal matters within the jurisdiction of the Council as permitted by Subsection (a), Paragraph (6) of Section 2.1-344 of the Code of Virginia (1950), as amended.

This motion was seconded and unanimously approved. Council thereupon recessed the open meeting and reconvened in executive, closed meeting. Between 11:00 p.m. and midnight, Council reconvened in open, public meeting. The City Attorney explained his understanding of the basis for the decision made by the trial court in the zoning case. He construed the decision to mean that on appeal from a decision of the Planning Commission Council should only review the record that was before the Commission and not hear evidence, and that the applicable standards to which the court referred were that Council must find that the decision of the Commission was arbitrary or an abuse of discretion in order to modify it or reverse it in whole or in part. A discussion followed in which members of Council expressed their views, and an ordinance was proposed, discussed and approved. This ordinance, after reciting that the decision of the Planning Commission was arbitrary and an abuse of discretion, reversed the decision in part and rezoned the described property.

The trial court ruled that the motion to go into executive session, as adopted at the Special Meeting, did not comply with Code § 2.1-344, and the executive session was void and illegal. By order entered January 2, 1980, the court directed that a writ of mandamus issue requiring disclosure of the activities, consideration, and discussion, relative to this litigation, conducted by Council during the executive session, and ordered the City to pay attorneys' fees of $500 and court costs.

Code § 2.1-344 provides in pertinent part as follows:

§ **2.1-344. Executive or closed meetings.**—(a) Executive or closed meetings may be held only for the following purposes:

\* \* \*

(6) Consultation with legal counsel and briefings by staff members, consultants or attorneys, pertaining to actual or potential litigation, or other legal matters within the jurisdiction of the public body, and discussions or consideration of

such matters without the presence of counsel, staff, consultants, or attorneys.

\* \* \*

(b) No meeting shall become an executive or closed meeting unless there shall have been recorded in open meeting an affirmative vote to that effect by the public body holding such meeting, which motion shall state specifically the purpose or purposes hereinabove set forth in this section which are to be the subject of such meeting and a statement included in the minutes of such meeting which shall make specific reference to the applicable exemption or exemptions as provided in subsection (a) or § 2.1-345. A general reference to the provisions of this chapter or to the exemptions of subsection (a) shall not be sufficient to satisfy the requirements for an executive or closed meeting. The public body holding such an executive or closed meeting shall restrict its consideration of matters during the closed portions to only those purposes specifically exempted from the provisions of this chapter.

(c) No resolution, ordinance, rule, contract, regulation or motion adopted, passed or agreed to in an executive or closed meeting shall become effective unless such public body, following such meeting, reconvenes in open meeting and takes a vote of the membership on such resolution, ordinance, rule, contract, regulation or motion.

\* \* \*

Acknowledging that there were two items on the agenda relating to legal matters, the trial judge observed that it could not be determined from the motion whether Council would consider one or both in closed session. He was of opinion that if the motion had designated the item on its agenda to be discussed in closed session it would have met the requirement of specificity.

Both items on the agenda related to actual pending litigation. It is apparent that Council desired to confer with its attorney in closed session about both items. Council had a legitimate reason, indeed a duty, to find out the import of the order entered on June 6 by the trial court in the zoning case. Inasmuch as the court retained jurisdiction of the case for further proceedings, if necessary, it was incumbent upon members of Council to have the benefit of legal advice before taking action. They could have consid-

ered the options of appealing the order or letting the matter end without further action as well as the course they ultimately elected to take in open session of adopting an ordinance designed to meet the objections of the trial court.

The policy expressly stated in § 2.1-340.1 is that the Act shall be liberally construed to enable citizens to observe the operations of government and that the exemptions shall be narrowly construed "in order that no thing which should be public may be hidden from any person." A motion, however, to confer privately with counsel over two pending legal proceedings, which were the sole items on Council's agenda, comes within the terms of the exemption in § 2.1-344(a)(6) and is not an effort to hide anything that should be publicly disclosed. *See Marsh* v. *Rich. Newspapers, Inc.,* 223 Va. 245, 288 S.E.2d 415 (1982) and *Nageotte* v. *King George County,* 223 Va. 259, 288 S.E.2d 423 (1982), both this day decided, and both pertaining to the exemption provided by § 2.1-344(a)(6). We hold that the motion to convene in closed session was valid, and that the trial court erred in ruling that Council violated the Act. Accordingly, we will reverse the order of the trial court and enter a final decree in favor of the City and the eight named members of Council.

*Reversed and final decree.*