COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


THOMAS H. CHO
AND
KIL JA CHO
                                        MEMORANDUM OPINION<sup>*</sup>
v.   Record No. 0301-96-4                   PER CURIAM
                                         JULY 30, 1996
DEPARTMENT OF PROFESSIONAL AND
 OCCUPATIONAL REGULATION REAL ESTATE BOARD
 AND SOON OK SARRAZIN


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   William Shore Robertson, Judge

              (Daniel M. O'Connell, Jr.; O'Connell &
              Mayhugh, on briefs), for appellants.

              (James S. Gilmore, III, Attorney General;
              Richard B. Zorn, Senior Assistant Attorney
              General, on brief), for appellee Department
              of Professional and Occupational Regulation
              Real Estate Board.

              No brief for appellee Soon Ok Sarrazin.


     Thomas H. Cho and Kil Ja Cho appeal the decision of the

circuit court.  The circuit court affirmed the decision of the

Department of Professional and Occupational Regulation Real

Estate Board (Real Estate Board) awarding appellants $20,000 on

their claim filed pursuant to the Virginia Real Estate

Transaction Recovery Act (Act), Code §§ 54.1-2112 through

54.1-2120.  Appellants' issues are summarized as follows:  (1)

whether the circuit court erred in finding that the decision-

_____
        <sup>*</sup>Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

making procedures of the Real Estate Board did not violate due process; (2) whether the circuit court erred in ruling that the factual determinations made by the Real Estate Board were supported by evidence; (3) whether the circuit court erred in finding that the Real Estate Board did not violate the applicable statutes; and (4) whether the circuit court erred in not remanding to the Real Estate Board appellants' request for attorney's fees.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

Under the Virginia Administrative Process Act, judicial review of agency decisions is limited to determining whether the agency acted in accordance with the law, made a procedural error which was not harmless, and had sufficient evidence to support its findings of fact.  Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).  See Code § 9-6.14:17.  "A court may not merely substitute its judgment for that of an administrative agency."  Jackson v. W., 14 Va. App. 391, 400, 419 S.E.2d 385, 390 (1992).

### Due Process

Appellants allege they were deprived of due process because they were not permitted to participate in and respond to the deliberations of the Real Estate Board.  We disagree.  The key components of due process are notice and an opportunity to be

2

heard.  Moore v. Smith, 177 Va. 621, 626, 15 S.E.2d 48, 49
(1941).  The record demonstrates that appellants had notice and
numerous opportunities, which they used, to submit their claims
and supporting documents to the Real Estate Board and to respond
to allegations presented by Soon Ok Sarrazin's counsel.  The
basis of the Real Estate Board's decision was set out in its
final order.  Appellants appealed both the factual findings and
the legal conclusions contained in that order.  Accordingly, the
record demonstrates no denial of due process.

Appellants also assert that the Real Estate Board improperly
closed its session in violation of the Virginia Freedom of
Information Act.  See Code § 2.1-344(7).  The minutes of the
meeting demonstrate that the meeting was recessed into closed
executive session for authorized purposes regarding specifically
designated agenda items.  See City of Danville v. Laird, 223 Va.
271, 275-76, 288 S.E.2d 429, 431 (1982); Nageotte v. Board of
Supervisors, 223 Va. 259, 266-67, 288 S.E.2d 423, 426 (1982);
Marsh v. Richmond Newspapers, Inc., 223 Va. 245, 254-55, 288
S.E.2d 415, 420 (1982).  The minutes contradict appellants'
allegation.  Therefore, appellants have failed to demonstrate any
violation of Code § 2.1-344(7).

### Sufficiency of the Evidence

On appeal, the "sole determination as to factual issues is
whether substantial evidence exists in the agency record to
support the agency's decision."  Johnston-Willis, 6 Va. App. at

3

242, 369 S.E.2d at 7.

> The "substantial evidence" standard, adopted by the General Assembly, is designed to give great stability and finality to the fact-findings of an administrative agency. The phrase "substantial evidence" refers to "such relevant evidence as a reasonable mind <u>might</u> accept as adequate to support a conclusion."
> Under this standard, applicable here, the court may reject the agency's findings of fact "only if, considering the record as a whole, a reasonable mind would <u>necessarily</u> come to a different conclusion."

<u>Virginia Real Estate Comm'n v. Bias</u>, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citations omitted).

In their filings with the Real Estate Board, appellants alleged that they suffered losses arising from four separate transactions with Sarrazin. However, in the circuit court action which resulted in the $60,000 award upon which their verified claim was based, appellants alleged only two transactions. In the first count of their Amended Motion for Judgment filed in that action, appellants asserted a claim arising from their payment of $60,000 to Sarrazin as a commission for her assistance in obtain financing for the purchase of the Warrenton Motor Lodge. In the second count, appellants sought additional damages resulting from Sarrazin's fraudulent practices in connection with appellants' purchase of the Hillcrest Motel. The amended motion did not assert any claims arising from the sale of the option on the Warrenton Motor Lodge or from the listing of the Hillcrest Motel. Moreover, appellants' affidavit dated April 12, 1994,

4

stated that

> we filed a claim against [Sarrazin] in the Circuit Court of Fauquier County for fraud in connection with the sale to these affiants of the Hillcrest Hotel and Restaurant based upon the fraud of [Sarrazin], a Virginia licensed real estate agent, in said sale.

No other allegations were set out in this affidavit.

In its final order, the Real Estate Board ruled that there were two claims before it. The record as a whole does not necessarily lead us to a different conclusion. Therefore, we affirm the circuit court's decision that the findings of the Real Estate Board are supported by substantial evidence in the record.

Statutory Claims

Appellants allege that, under Code § 54.1-2116(B), they were entitled to recover up to $20,000 per transaction, and that the Real Estate Board and the circuit court erred by interpreting the section to limit their recovery from the Virginia Real Estate Transaction Recovery Fund (Fund) for a single judgment to $20,000. Appellants have failed to demonstrate that the Real Estate Board's decision was erroneous as a matter of law.

Under Code § 54.1-2114, recovery from the Fund under the Act is limited to instances "involving the sale, lease, or management of real property by the regulant acting in the capacity of a real estate broker or real estate salesperson and not in the capacity of a principal, or on his own account." Code § 54.1-2114(A). A "real estate salesperson" is defined as

> any person who for compensation or valuable consideration is employed either directly or

5

indirectly by, or affiliated as an independent contractor with, a real estate broker, to sell or offer to sell, or to buy or offer to buy, or to negotiate the purchase, sale or exchange of real estate, or to lease, rent or offer for rent any real estate, or to negotiate leases thereof, or of the improvements thereon.

Code § 54.1-2101. The Real Estate Board ruled that Sarrazin was not acting as a real estate licensee when she received a commission from appellants in exchange for her promise to obtain financing for their purchase of the Warrenton Motor Lodge. "[W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Johnston-Willis, 6 Va. App. at 244, 369 S.E.2d at 8. "On review, 'the interpretation which an administrative agency gives its [law] must be accorded great deference.'" Jackson, 14 Va. App. at 400-01, 419 S.E.2d at 390. We cannot say that the Real Estate Board's interpretation excluding recovery from the Fund for Sarrazin's fraudulent promises to obtain financing for appellants was erroneous as a matter of law.

Code § 54.1-2116, entitled "Limitations upon recovery from fund," provides in pertinent part as follows:

B. The maximum claim of one claimant against the fund based upon an unpaid judgment arising out of the improper or dishonest conduct of one regulant in connection with a single transaction involving the sale, lease, or management of real property, shall be limited to $20,000, regardless of the number of claimants and regardless of the amount of

6

the unpaid judgment of the claimant.

Code § 54.1-2116.  Appellants' presented a single judgment from a single recoverable transaction.  Neither subsection (A), which authorizes recovery from the Fund of up to $50,000 for multiple judgments from a single claim, or subsection (C), which authorizes recovery of up to $100,000 for multiple judgments from multiple transactions, apply to appellants' claim.

### Attorney's Fees

Appellants also sought attorney's fees in the amount of $14,176.45.  Code § 54.1-2116(D) provides that "[t]he claim against the fund may include court costs and attorneys' fees."  However, Code § 54.1-2116(B) limited appellants' maximum claim to $20,000.  Appellants were compensated to the full extent authorized by the statute.  Therefore, the Real Estate Board did not err by limiting appellants' recovery to $20,000.

Our resolution of these issues moots the additional questions raised by appellants.  Accordingly, the decision of the circuit court denying appellants' appeal from the Real Estate Board is summarily affirmed.

Affirmed.