# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

William E. Moody, Jr.

v.

City of Portsmouth *et al.*

June 24, 2016

Case No. CL 16001291

By Judge Catherine C. Hammond

On June 20, 2016, this Court heard evidence and oral argument on plaintiff's claim that defendants violated the Virginia Freedom of Information Act, Va. Code §§ 2.2-3700 through 2.2-3714. There follow my findings of fact and conclusions of law.

Plaintiff, Moody, is an elected member of the Portsmouth City Council, a seven-member local government. On December 8, 2015, Moody published an announcement on Facebook that Council would discuss, in closed session, "our Confederate War monument as it pertains to the Danville Case." (Ex. 2.) The City of Danville, Virginia, was then in litigation over a similar subject. That evening Council met. All seven members were present. (Ex. 4.) After completing work on an audit report and other business, Council closed the meeting and excluded the public pursuant to Va. Code § 2.2-3711 for three purposes. The second purpose was to consult with legal counsel about actual or probable litigation regarding the relocation of a Confederate monument. Va. Code § 2.2-3711(A)(7). The third purpose was to discuss performance of a Council member. Va. Code § 2.2-3711(A)(1).

During the closed session on December 8, 2015, several Council members expressed frustration and disagreement over Moody's announcement earlier that day. Their principal concern was how to seek and obtain the confidential legal advice that is necessary for good government. See *Danville v. Laird*, 223 Va. 271, 288 S.E.2d 429 (1982). Several defendants believed that Moody's publication jeopardized Council's ability to discuss legal problems with legal counsel. A majority of Council members wanted Moody to limit his public comments about matters that might be protected by attorney-client privilege. However. Council did not vote.

On January 12, 2016, Council met again, beginning at five o'clock, in an open meeting. All members were present. (Ex. 5.) Council closed the public meeting for three purposes. The third purpose was to discuss the performance of a Council member. Va. Code § 2.2-3711(A)(1).

During the closed session on January 12, 2016, the Mayor handed a letter to Moody signed by five Council members on official letterhead. (Ex. 1 "the Letter".) The Mayor had prepared the letter in advance of the meeting with the assistance of the City Attorney. He circulated the letter for signatures while the meeting was closed on January 12, just before handing it to Moody. The letter explained in detail the five members' concern about confidentiality and attorney-client privilege, and advised Moody as follows.

> It is with regret and out of a need to protect the interests of the City of Portsmouth that we have decided to take action to discipline you. . . . It has been determined that you are subject to a fine, for your conduct. It has also been determined that a fine of $1500 would be appropriate given the alleged conduct.

Council had amended its Rules of Order on September 8, 2015, to provide a method for disciplining a member and authorizing a $1500 fine. Plaintiff's complaint also claims that this Rule adopted September 8, 2015, is illegal. As the vote in September was not unanimous, it appears that there were simmering disagreements about the proper way for an elected official to conduct business.

The Letter further advised that Moody could contest the fine.

> If you wish to contest the fine, you may notify the City Council within seven days [and] Council will provide you an opportunity to present an argument or defense in closed session meeting. Upon hearing from you, the Council may take action in open session to impose the aforementioned fine. If you do not contest, you will be deemed to have agreed to the fine.

It is not overstating things to say that tempers were hot. Moody testified that he was incensed and incredulous upon receiving the Letter, especially because his Facebook announcement was before the meeting even took place. Other members testified that they were upset about a pattern of leaks. The Vice Mayor did not sign the Letter.

Council adjourned the closed session, and all seven members voted to certify that only the business matters as identified in the motion to close were discussed in closed session. (Ex. 5.) The public meeting resumed at seven o'clock. The Mayor received a special presentation to recognize five years of service. Council worked for about an hour, and no vote was taken on whether to fine Moody. Moody then brought it up, informing everyone

present that he disputed the matter. The minutes reflect that Moody spoke on the "punitive action taken against him by City Council," and that Vice Mayor Psimas "informed citizens that she did not take part in taking punitive action against Councilman Moody." Moody paid $1500 in cash to the sergeant at arms in a somewhat dramatic gesture. The meeting adjourned at sixteen minutes after nine o'clock.

The narrow question presented is whether Virginia law required that Council vote in an open meeting on whether to authorize the January 12 Letter advising Moody of the $1500 fine.

Plaintiff argues that Council met and transacted public business when five members signed the Letter. Plaintiff relies on the plain language of the FOIA, which requires that every public body, including a City Council, "take action" at an open meeting by voting in public. A public body is required to keep written minutes of meetings, and the minutes must include a summary of matters proposed or decided and a record of all votes taken. These procedures were not respected, plaintiff argues, when he was fined $1500 on January 12, 2016.

Defendants argue that no FOIA violation occurred because no action had been taken when the Letter was delivered. They point to the end of the Letter, which advises Moody he has seven days to contest the fine and present his side of the case in another closed meeting of Council, before Council "may take action." From these references to future events, defendants argue that there was no need to vote; no official decision would be reached until after the seven days expired. Defendants also argue that Council could not decide whether to discipline Moody because Moody short-circuited the ongoing process for decision making when he paid the fine later that evening.

Having considered all of the arguments, I am persuaded that the decision to sign and deliver the January 12, 2016, letter to Moody required a vote in an open meeting of Council.

The General Assembly passed the Freedom of Information Act to promote "free entry to meetings of public bodies wherein the business of the people is being conducted." Va. Code § 2.2-3700(B). According to the legislature, "[t]he affairs of government are not intended to be conducted in an atmosphere of secrecy since at all times the public is to be the beneficiary of any action taken at any level of government." *Id.* All of the procedures in the FOIA for closing meetings under narrow exemptions and for voting only in public are designed to promote public access.

The evidence shows that the five Council members who met together and signed the Letter took action during the closed session on January 12, 2016, in the words of their letter, they "decided to take action to discipline [Moody]." They also decided that the "appropriate" punishment was a $1500 fine. (Ex. 1.) Even if the Council meeting was lawfully closed for the purpose recognized in § 2.2-3711(A)(1), as I assume here, the members

could not shield their decision from public view. But see OAG, 1998, p. 9. No voting can occur in a closed session. Va. Code § 2.2-3712(H). Members cannot vote by secret or written ballot. Va. Code § 2.2-3710(A). The fact that they offered to wait seven days before doing more does not change the fact that they decided to take action to discipline Moody. When they communicated their decision in an official letter signed by five out of seven members and did not call for a vote in open session, they violated the Freedom of Information Act.

The parties have stipulated that a hearing on remedies for the violation will be conducted separately.